UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CLAYON ADAMY,<br><br>Plaintiff,<br><br>-v-<br><br>JETBLUE AIRWAYS CORPORATION, et al.,<br><br>Defendants. | : | 26-CV-09894 (JAV)<br><br><u>ORDER</u> |

JEANNETTE A. VARGAS, District Judge:

Plaintiff Clayon Adamy brings this action against various defendants including Defendants Embraer Aircraft Customer Services, LLC and Honeywell Aerospace US LLC ("Defendant LLCs"), invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. *See* 28 U.S.C. § 1332. Plaintiff alleges that they are a citizen of Kentucky. *See* ECF No. 1 ("Complaint") ¶ 1. Plaintiff claims that Defendant Embraer Aircraft Customer Services, LLC is a Florida Limited Liability Company with a principal place of business in Florida. *See id.* ¶ 18. Additionally, Plaintiff also claims that Defendant Honeywell Aerospace US LLC is a Delaware Limited Liability Company with a principal place of business in Arizona. *See id.* ¶ 30. The Complaint fails to explicitly allege a state or states of citizenship for the Defendant LLCs.

It is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of

Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs). *See Handelsman*, 213 F.3d at 51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010). Additionally, a party's citizenship, including the citizenship of LLC members, "must be affirmatively pled." *Prospect Funding Holdings, LLC v. Fennell*, No. 15-CV-4176 (LLS), 2015 WL 4477120, at *1 (S.D.N.Y. July 15, 2015); *see also Flemming v. Port Auth. of New York & New Jersey*, No. 21-CV-1112 (BMC), 2021 WL 878558, at *1 (E.D.N.Y. Mar. 9, 2021) ("It is not enough to allege, in conclusory fashion, that none of a[n] LLC[] [party's] members are citizens of the same state as [the opposing party].").

In the present case, the Complaint fails to affirmatively plead the citizenship of each member of the Defendant LLCs. The Complaint's allegations are therefore insufficient to establish diversity jurisdiction. *See, e.g.*, *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (holding that a complaint that fails to plead citizenship of relevant parties does not properly assert diversity jurisdiction).

Accordingly, it is hereby ORDERED that, on or before **December 10, 2026**, the Plaintiff shall amend their Complaint to affirmatively allege the citizenship of each constituent person or entity comprising the Defendant LLCs as well as the citizenship of all individual parties. If, by that date, the Plaintiff is unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without

further notice to either party.

SO ORDERED.

Dated: November 19, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge